1

2

3

4

5

6

7                     IN THE UNITED STATES DISTRICT COURT

8                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                          SAN FRANCISCO DIVISION

10

DOUGLAS J. CAMPION,                        No. C  12-0443 RS

11
                    Plaintiff,             **ORDER GRANTING MOTION TO**
12                                         **DISMISS WITHOUT LEAVE TO**
        v.                                 **AMEND AND DENYING MOTION**
13                                         **FOR SANCTIONS**
OLD REPUBLIC INTERNATIONAL

14   CORPORATION, et al.,

15                   Defendants.

16   _____/

17

18                              I. INTRODUCTION

19         This putative class action is brought against Old Republic International Corporation ("Old

     Republic"), alleged to be an "insurance holding company with no operations of its own," and five of
20
     its subsidiaries.  The subsidiaries purportedly are in the business of providing various "real estate
21
     settlement services," such as title insurance, mortgage insurance, escrow services, and home
22
     warranty plans.  Plaintiff Douglas J. Campion alleges, in somewhat conclusory terms, that Old
23
     Republic and/or the subsidiaries have entered into "servicer provider agreements" with real estate
24
     brokers and agents, and attorneys, whereby such persons are paid illegal kickbacks in exchange for
25
     referring customers to the Old Republic subsidiaries.  Campion proposes two classes of plaintiffs:
26
     (1) a nationwide class of home purchasers asserting claims against all defendants under the Real
27
     Estate Settlement Procedures Act, 12 U.S.C §§ 2601 *et seq.* ("RESPA") and California Business and
28

**United States District Court**
For the Northern District of California

1  Professions Code §§ 17200 ("UCL") arising from any type of settlement services provided by

2  defendants, and (2) a class of California home purchasers asserting UCL claims against defendant

3  Old Republic Home Protection Company, Inc. ("ORHPC") arising from purchases of home

4  warranty plans.

5        Campion's only alleged interactions with any of the defendants, however, involve his

6  acquisition of a home warranty plan from ORHPC, in connection with a home purchase in which he

7  acted as his own broker. Accordingly, whether viewed either as a lack of standing or as a failure to

8  state a claim, Campion has no basis to pursue claims arising from the alleged practices of other

9  defendants in connection with their provision of various types of real estate settlement services to

10  customers across the nation.  Characterizing this as a class action does not eliminate the requirement

11  that Campion must have suffered injury from the alleged practices giving rise to the claims of

12  putative class members.

13        As to ORHPC, the deficiency in the complaint likewise could be characterized as either a

14  lack of standing or a failure to state a claim.  Campion individually has failed to state a claim

15  because he has not alleged facts showing that his transaction involved a referral and a kickback.  To

16  the extent the complaint alleges that *other* persons have been referred to ORHPC for home warranty

17  plans in exchange for kickbacks, Campion lacks standing to pursue such claims.  Accordingly, the

18  complaint must be dismissed.  Because admissions Campion has made in other litigation against

19  ORHPC demonstrate that he cannot in good faith amend to cure the pleading deficiencies, leave to

20  amend will not be granted.  Finally, while presenting a close question, defendants' motion for

21  sanctions under Rule 11 of the Federal Rules of Civil Procedure will be denied.

22

23                          II. BACKGROUND

24        Campion alleges that he closed escrow on a residence in San Diego, California in 2007.

25  Although the complaint includes some vague and conclusory general allegations regarding alleged

26  real estate settlement services "defendants" purportedly provided to Campion in connection with his

27  purchase, the only factual allegation of any particular service provided to him is an averment that he

28  received a home warranty plan from ORHPC.  Similarly, apart from generalized conclusions,

1  Campion does not allege the payment of any kickbacks to anyone in connection with his own

2  transaction, contending instead only that the price of his home warranty plan was "inflated" as the

3  result of kickbacks paid by "defendants."

4      The complaint does allege that, as a matter of general practice, each of the Old Republic

5  subsidiaries pays kickbacks to agents, brokers, and attorneys when such persons refer customers to

6  them for real estate settlement services, including title insurance, mortgage insurance, escrow

7  services, and home warranty plans.[1]  Allegedly these kickbacks are paid pursuant to agreements

8  entered into by Old Republic on behalf of the subsidiaries and/or by the subsidiaries themselves.

9  The complaint contains several pages describing alleged communications between the U.S.

10 Department of Housing and Urban Development (HUD) and members of the industry, including

11 defendants, regarding practices in the industry that HUD contends constitute kickbacks prohibited

12 under RESPA.  While those and similar allegations arguably could support a claim that unlawful

13 kickbacks have occurred in real estate transactions across the nation, none of them show that

14 Campion obtained real estate settlement services from any defendant other than ORHPC, or that his

15 acquisition of a home warranty plan from ORHPC involved either a referral or a kickback.

16

17                           III. LEGAL STANDARD

18      A complaint must contain "a short and plain statement of the claim showing that the pleader

19 is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a

20 complaint must include sufficient facts to "state a claim to relief that is plausible on its face."

21 *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 US 544,

22

23  _____

24 [1]  The Old Republic subsidiaries named as defendants are (1) OHRPC, based in California and
    selling home warranty plans, (2) Old Republic National Title Insurance Company, based in
25 Minnesota and providing title insurance and other settlement services, (3) Mississippi Valley Title
    Insurance Company, based in Mississippi and providing title insurance and other settlement
26 services, (4) American Guaranty Title Insurance Company, based in Oklahoma and providing title
    insurance and other settlement services, and (5) Republic Mortgage Insurance Company, based in
27 North Carolina and selling mortgage insurance.  As noted above, Old Republic itself, based in
    Illinois, is alleged to be only a holding company, with no operations of its own.
28

                                        3

1   570 (2007)).  A claim is facially plausible "when the pleaded factual content allows the court to

2   draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

3          Defendants characterize their motion as one brought primarily under Rule 12(b)(1) of the

4   Federal Rules of Civil Procedure, arguing that Campion's lack of standing deprives the Court of

5   subject matter jurisdiction.  A motion to dismiss for lack of subject matter jurisdiction may be made

6   on the grounds that the lack of jurisdiction appears from the "face of the complaint," or may be

7   based on extrinsic evidence apart from the pleadings.  *Warren v. Fox Family Worldwide, Inc.*, 328

8   F.3d 1136, 1139 (9th Cir. 2003); *McMorgan & Co. v. First Cal. Mortgage Co.*, 916 F. Supp. 966,

9   973 (N.D. Cal. 1995).  As defendants point out, however, where the jurisdictional issue is whether

10  the plaintiff has standing, dismissal is also appropriate under Rule 12(b)(6) absent sufficient factual

11  allegations in the complaint, which, if proven, would confer standing.  *Sacks v. Office of Foreign*

12  *Assets Control*, 466 F.3d 764, 771 (9th Cir. 2006).

13         Defendants Old Republic and Mississippi Valley Title Insurance Company also seek

14  dismissal under Rule 12(b)(2), contending they are not subject to *personal* jurisdiction in this forum.

15  The exercise of personal jurisdiction is appropriate only where a defendant has certain "minimum

16  contacts" with the forum state such that maintenance of the suit does not offend traditional notions

17  of fair play and substantial justice.  *International Shoe Co. v. Washington*, 326 U.S. 310, 316

18  (1945).  In judging minimum contacts, a court properly focuses on "the relationship among the

19  defendant, the forum, and the litigation."  *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). The party

20  seeking to invoke the jurisdiction of the federal court shoulders the burden of establishing that such

21  jurisdiction exists.  *Data Disc, Inc. v. Systems Technology Assoc.*, 557 F.2d 1280, 1285 (9th Cir.

22  1977).

23

24                                      IV. DISCUSSION

25      A.  Motion to dismiss

26         The gravamen of Campion's complaint is that each of the Old Republic subsidiaries

27  routinely receives referrals from real estate brokers, agents, and attorneys, of customers who are

28  purchasing homes and who need real estate settlement services such as title insurance, mortgage

**United States District Court**
For the Northern District of California

1  insurance, escrow services, and/or home warranty services.  The subsidiaries then provide such

2  services to the home purchasers for fees, and kickback a portion of those fees to the referring

3  parties.  The referrals are made, and the kickbacks paid, pursuant to pre-existing agreements

4  between Old Republic and/or the individual subsidiaries on the one hand,[2] and the referring agents,

5  brokers, and attorneys, on the other hand.  Setting aside the question of whether some or all of those

6  allegations might be too conclusory, the complaint arguably states a claim that theoretically could be

7  made on behalf of the putative classes under RESPA and/or the UCL.

8         The fatal flaw in the pleading is that Campion has advanced no facts to show that he

9  individually engaged in any such transaction with any defendant.  As to all the subsidiaries other

10 than ORHPC, there are no facts that they had any involvement with Campion whatsoever.[3]  As to

11 ORHPC, there are no facts showing that (1) any real estate agent, broker, or attorney referred

12 Campion to ORHPC, or (2) it paid a kickback to any real estate agent, broker, or attorney in

13 connection with the home warranty plan it issued to him.[4]  If Campion had a basis for proceeding

14 against ORHPC, there might be grounds to include Old Republic, were he also able to allege with

15 factual support that Old Republic set up the referral and kickback agreements.  As he cannot do so,

16 no viable claim is available against Old Republic.

17

18 _____

19 [2]  The allegation that Old Republic itself entered into such agreements is not entirely consistent with
    the allegation that it is only a holding company with no operations of its own.

20 [3]  Campion argues that the inclusion of those defendants can be justified under a theory that they all
21 operated under a common scheme, or as agents or alter egos of each other.  The facts pleaded are
    insufficient to support any such theory.  If Campion had a viable claim against ORCHP, perhaps
22 leave to amend such facts would be warranted, but in light of the analysis below, the issue is moot.

23 [4]  Defendants argue Campion has also failed to allege that he even paid a fee for the home warranty
24 plan.  It is reasonable to infer, however, that ORHPC did not provide the plan for free.  Even
    assuming the cost of the plan was nominally paid by the home seller in the transaction rather than
25 Campion, that alone would not deprive him of standing.  *See Bradford v. WR Starkey Mortgage,
    LLP*,  No. 06-cv-0086,  2008 U.S. Dist. LEXIS 118427 (N.D. Ga. Feb. 22, 2008) ("Plaintiff may not
26 have ultimately paid the wire and tax service fees, but he was unquestionably "charged" them by
    defendant.  Plaintiff escaped paying the allegedly violative fees only by virtue of a contractual
27 arrangement with the seller, who agreed to contribute $5,000.00 to closing costs.  The charge, itself,
28 is a sufficient injury in fact under the statute.")

**United States District Court**
For the Northern District of California

1   While Rule 23 of the Federal Rules of Civil Procedure permits a plaintiff to bring claims on

2   behalf of other similarly situated persons, it does not eliminate the threshold requirement that the

3   plaintiff have suffered a cognizable injury of the type being asserted on behalf of the class.  Nor, in

4   this instance, is the issue simply one of "typicality" that might prevent a class from being certified

5   or disqualify Campion from serving as its representative.  There may very well be, at least in theory,

6   a class of persons (or two classes) who have claims of the type alleged in the complaint.  Campion

7   has pleaded no facts, however, showing that *he* holds such claims.

8   Campion insists he has standing under *Edwards v. First American Corp.*, 610 F.3d 514 (9th

9   Cir. 2010) because he has pleaded he paid an inflated price for his home warranty plan as a result of

10   "defendants'" alleged practices of paying kickbacks.  In *Edwards,* however, there was no question

11   that the plaintiff had adequately alleged her title insurance policy was placed with a particular

12   insurer pursuant to an improper referral and kickback arrangement. *Id.* at 516.  The district court

13   dismissed the complaint because plaintiff could not allege she had suffered an injury-in-fact, given

14   that the price she paid for the policy was set by state law, and therefore was unaffected by the illegal

15   kickback. *Id.*  The Ninth Circuit reversed, holding that the statutory RESPA violation was sufficient

16   to confer standing on plaintiff whether or not she suffered a direct monetary loss resulting from the

17   referral and kickback.  *Id.* at 518.

18   *Edwards* is of no assistance to Campion. His protestations to the contrary notwithstanding,

19   he has pleaded no facts showing that his plan was placed with ORHPC as the result of any referral,

20   or that anyone was paid a kickback in connection with his plan.

21   Although not entirely clear, it appears Campion's theory may be that because ORHPC

22   *ordinarily* pays kickbacks on home warranty plans (allegedly), the price it charges for *all* home

23   warranty plans is inflated to account for those payments.  While creative, any such theory is not

24   tenable.  RESPA damages are recoverable by persons who paid for settlement services "involved in

25   the violation," 12 U.S.C. 2607(d)(2), and the statute does not generally regulate overcharges. *See*

26   *Martinez v. Wells Fargo Home Mortg. Inc.,* 598 F.3d 549, 554 (9th Cir. 2010).  *Edwards* certainly

27   did not involve such an attenuated theory, and Campion has offered no other authority suggesting

28   that it would support recovery under RESPA.

1    Campion urges that even in the event he cannot pursue a RESPA claim, his allegation that he

2  and similarly-situated others paid inflated prices for home warranty plans is sufficient to support a

3  claim under the UCL.  As any such claim would involve only Campion's second proposed class

4  (California purchasers asserting a violation of California law by ORHPC, a California company),

5  there would be no independent basis for jurisdiction in this Court either under the Class Action

6  Fairness Act or through the existence of a federal question.  Accordingly, the Court will refrain from

7  determining the ultimate viability of that claim and instead will dismiss it without prejudice.  *See* 28

8  U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction

9  where it "has dismissed all claims over which it has original jurisdiction"); *Carnegie-Mellon Univ.*

10  *v. Cohill*, 484 U.S. 343, 351 (1988) ("[I]n the usual case in which all federal-law claims are

11  eliminated before trial, the balance of factors to be considered under the pendent jurisdiction

12  doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to

13  exercise jurisdiction over the remaining state-law claims.").

14    The balance of the complaint must be dismissed for the reasons explained above.[5]  Although,

15  with certain exceptions, the Court may not look beyond the four corners of the complaint in

16  evaluating whether it states a claim, there is no prohibition against considering other matters of

17  record when determining whether or not to grant leave to amend.  Here, in connection with their

18  motion for sanctions, defendants have submitted Campion's deposition testimony given in another

19  action brought by him against ORHPC in which he alleged it had breached its obligations under the

20  home warranty plan.  In that matter, Campion testified that he acted as his own broker in the

21  underlying home purchase, and that he personally selected the ORHPC home protection plan after a

22  comparison shopping process.  Given that testimony under oath, Campion cannot now allege in

23  good faith that he was referred to ORHPC by an agent, broker, or attorney, or that ORHPC paid a

24

25  _____

25  [5]  Dismissal of Old Republic and Mississippi Valley Title Insurance Company is also warranted on
26  the additional basis that they lack minimum contacts with this forum to support personal jurisdiction
26  over them.  Campion's only argument to the contrary is his contention that they can be found
27  subject to jurisdiction for having "purposefully directed" wrongful conduct at residents of this
27  forum.  Such a theory would only potentially be available had Campion alleged sufficient facts to
28  support his assertion of a conspiracy or joint scheme.

kickback to such a person in connection with his purchase of the plan.  Accordingly, the dismissal will be without leave to amend.

### B. Motion for sanctions

Defendants' motion seeking to impose sanctions under Rule 11 presents a close call.  The Rule requires, among other things, for counsel to certify that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Campion's attempt to bring claims against defendants other than ORHPC is particularly dubious, and even his assertion of a RESPA claim is problematic, given that he knew his own purchase of a home warranty contract did not involve a referral and kickback.  Nevertheless, while Campion did not plead sufficient facts to support any sort of joint liability or conspiracy, his notion that all of the Old Republic entities were engaged in a common scheme is not so beyond the pale as to warrant sanctions.  Likewise, his apparent theory that he paid an inflated price as the result of the alleged referral and kickback practices is sufficient, albeit barely, to preclude a conclusion that the action was wholly frivolous from the outset. Accordingly, the motion for sanctions will be denied.

### V. CONCLUSION

The motion to dismiss is granted, without leave to amend.   As to the first claim for relief (the UCL claim against ORHPC) and that portion of the declaratory relief claim relating thereto only, the dismissal is without prejudice to refiling in state court.  A separate judgment will issue. The motion for sanctions is denied.

IT IS SO ORDERED.

Dated:  7/10/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

8