IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOUGLAS J. CAMPION,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>OLD REPUBLIC INTERNATIONAL<br>CORPORATION, et al.,<br><br>　　　　　Defendants.<br>_____/ | No. C 12-0443 RS<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND AND DENYING MOTION FOR SANCTIONS** |

## I. INTRODUCTION

This putative class action is brought against Old Republic International Corporation ("Old Republic"), alleged to be an "insurance holding company with no operations of its own," and five of its subsidiaries. The subsidiaries purportedly are in the business of providing various "real estate settlement services," such as title insurance, mortgage insurance, escrow services, and home warranty plans. Plaintiff Douglas J. Campion alleges, in somewhat conclusory terms, that Old Republic and/or the subsidiaries have entered into "servicer provider agreements" with real estate brokers and agents, and attorneys, whereby such persons are paid illegal kickbacks in exchange for referring customers to the Old Republic subsidiaries. Campion proposes two classes of plaintiffs: (1) a nationwide class of home purchasers asserting claims against all defendants under the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601 *et seq.* ("RESPA") and California Business and

1

Professions Code §§ 17200 ("UCL") arising from any type of settlement services provided by defendants, and (2) a class of California home purchasers asserting UCL claims against defendant Old Republic Home Protection Company, Inc. ("ORHPC") arising from purchases of home warranty plans.

Campion's only alleged interactions with any of the defendants, however, involve his acquisition of a home warranty plan from ORHPC, in connection with a home purchase in which he acted as his own broker. Accordingly, whether viewed either as a lack of standing or as a failure to state a claim, Campion has no basis to pursue claims arising from the alleged practices of other defendants in connection with their provision of various types of real estate settlement services to customers across the nation. Characterizing this as a class action does not eliminate the requirement that Campion must have suffered injury from the alleged practices giving rise to the claims of putative class members.

As to ORHPC, the deficiency in the complaint likewise could be characterized as either a lack of standing or a failure to state a claim. Campion individually has failed to state a claim because he has not alleged facts showing that his transaction involved a referral and a kickback. To the extent the complaint alleges that *other* persons have been referred to ORHPC for home warranty plans in exchange for kickbacks, Campion lacks standing to pursue such claims. Accordingly, the complaint must be dismissed. Because admissions Campion has made in other litigation against ORHPC demonstrate that he cannot in good faith amend to cure the pleading deficiencies, leave to amend will not be granted. Finally, while presenting a close question, defendants' motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure will be denied.

## II. BACKGROUND

Campion alleges that he closed escrow on a residence in San Diego, California in 2007. Although the complaint includes some vague and conclusory general allegations regarding alleged real estate settlement services "defendants" purportedly provided to Campion in connection with his purchase, the only factual allegation of any particular service provided to him is an averment that he received a home warranty plan from ORHPC. Similarly, apart from generalized conclusions,

Campion does not allege the payment of any kickbacks to anyone in connection with his own transaction, contending instead only that the price of his home warranty plan was "inflated" as the result of kickbacks paid by "defendants."

The complaint does allege that, as a matter of general practice, each of the Old Republic subsidiaries pays kickbacks to agents, brokers, and attorneys when such persons refer customers to them for real estate settlement services, including title insurance, mortgage insurance, escrow services, and home warranty plans.[1] Allegedly these kickbacks are paid pursuant to agreements entered into by Old Republic on behalf of the subsidiaries and/or by the subsidiaries themselves. The complaint contains several pages describing alleged communications between the U.S. Department of Housing and Urban Development (HUD) and members of the industry, including defendants, regarding practices in the industry that HUD contends constitute kickbacks prohibited under RESPA. While those and similar allegations arguably could support a claim that unlawful kickbacks have occurred in real estate transactions across the nation, none of them show that Campion obtained real estate settlement services from any defendant other than ORHPC, or that his acquisition of a home warranty plan from ORHPC involved either a referral or a kickback.

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a complaint must include sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 US 544,

---

[1] The Old Republic subsidiaries named as defendants are (1) OHRPC, based in California and selling home warranty plans, (2) Old Republic National Title Insurance Company, based in Minnesota and providing title insurance and other settlement services, (3) Mississippi Valley Title Insurance Company, based in Mississippi and providing title insurance and other settlement services, (4) American Guaranty Title Insurance Company, based in Oklahoma and providing title insurance and other settlement services, and (5) Republic Mortgage Insurance Company, based in North Carolina and selling mortgage insurance. As noted above, Old Republic itself, based in Illinois, is alleged to be only a holding company, with no operations of its own.

3

570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Defendants characterize their motion as one brought primarily under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that Campion's lack of standing deprives the Court of subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction may be made on the grounds that the lack of jurisdiction appears from the "face of the complaint," or may be based on extrinsic evidence apart from the pleadings. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003); *McMorgan & Co. v. First Cal. Mortgage Co.*, 916 F. Supp. 966, 973 (N.D. Cal. 1995). As defendants point out, however, where the jurisdictional issue is whether the plaintiff has standing, dismissal is also appropriate under Rule 12(b)(6) absent sufficient factual allegations in the complaint, which, if proven, would confer standing. *Sacks v. Office of Foreign Assets Control*, 466 F.3d 764, 771 (9th Cir. 2006).

Defendants Old Republic and Mississippi Valley Title Insurance Company also seek dismissal under Rule 12(b)(2), contending they are not subject to *personal* jurisdiction in this forum. The exercise of personal jurisdiction is appropriate only where a defendant has certain "minimum contacts" with the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In judging minimum contacts, a court properly focuses on "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). The party seeking to invoke the jurisdiction of the federal court shoulders the burden of establishing that such jurisdiction exists. *Data Disc, Inc. v. Systems Technology Assoc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

IV. DISCUSSION

A. <u>Motion to dismiss</u>

The gravamen of Campion's complaint is that each of the Old Republic subsidiaries routinely receives referrals from real estate brokers, agents, and attorneys, of customers who are purchasing homes and who need real estate settlement services such as title insurance, mortgage

4

insurance, escrow services, and/or home warranty services.  The subsidiaries then provide such services to the home purchasers for fees, and kickback a portion of those fees to the referring parties.  The referrals are made, and the kickbacks paid, pursuant to pre-existing agreements between Old Republic and/or the individual subsidiaries on the one hand,[2] and the referring agents, brokers, and attorneys, on the other hand.  Setting aside the question of whether some or all of those allegations might be too conclusory, the complaint arguably states a claim that theoretically could be made on behalf of the putative classes under RESPA and/or the UCL.

The fatal flaw in the pleading is that Campion has advanced no facts to show that he individually engaged in any such transaction with any defendant.  As to all the subsidiaries other than ORHPC, there are no facts that they had any involvement with Campion whatsoever.[3]  As to ORHPC, there are no facts showing that (1) any real estate agent, broker, or attorney referred Campion to ORHPC, or (2) it paid a kickback to any real estate agent, broker, or attorney in connection with the home warranty plan it issued to him.[4]  If Campion had a basis for proceeding against ORHPC, there might be grounds to include Old Republic, were he also able to allege with factual support that Old Republic set up the referral and kickback agreements.  As he cannot do so, no viable claim is available against Old Republic.

---

[2] The allegation that Old Republic itself entered into such agreements is not entirely consistent with the allegation that it is only a holding company with no operations of its own.

[3] Campion argues that the inclusion of those defendants can be justified under a theory that they all operated under a common scheme, or as agents or alter egos of each other.  The facts pleaded are insufficient to support any such theory.  If Campion had a viable claim against ORCHP, perhaps leave to amend such facts would be warranted, but in light of the analysis below, the issue is moot.

[4] Defendants argue Campion has also failed to allege that he even paid a fee for the home warranty plan.  It is reasonable to infer, however, that ORHPC did not provide the plan for free.  Even assuming the cost of the plan was nominally paid by the home seller in the transaction rather than Campion, that alone would not deprive him of standing. *See Bradford v. WR Starkey Mortgage, LLP,* No. 06-cv-0086, 2008 U.S. Dist. LEXIS 118427 (N.D. Ga. Feb. 22, 2008) ("Plaintiff may not have ultimately paid the wire and tax service fees, but he was unquestionably "charged" them by defendant. Plaintiff escaped paying the allegedly violative fees only by virtue of a contractual arrangement with the seller, who agreed to contribute $5,000.00 to closing costs.  The charge, itself, is a sufficient injury in fact under the statute.")

While Rule 23 of the Federal Rules of Civil Procedure permits a plaintiff to bring claims on behalf of other similarly situated persons, it does not eliminate the threshold requirement that the plaintiff have suffered a cognizable injury of the type being asserted on behalf of the class. Nor, in this instance, is the issue simply one of "typicality" that might prevent a class from being certified or disqualify Campion from serving as its representative. There may very well be, at least in theory, a class of persons (or two classes) who have claims of the type alleged in the complaint. Campion has pleaded no facts, however, showing that *he* holds such claims.

Campion insists he has standing under *Edwards v. First American Corp.*, 610 F.3d 514 (9th Cir. 2010) because he has pleaded he paid an inflated price for his home warranty plan as a result of "defendants'" alleged practices of paying kickbacks. In *Edwards,* however, there was no question that the plaintiff had adequately alleged her title insurance policy was placed with a particular insurer pursuant to an improper referral and kickback arrangement. *Id.* at 516. The district court dismissed the complaint because plaintiff could not allege she had suffered an injury-in-fact, given that the price she paid for the policy was set by state law, and therefore was unaffected by the illegal kickback. *Id.* The Ninth Circuit reversed, holding that the statutory RESPA violation was sufficient to confer standing on plaintiff whether or not she suffered a direct monetary loss resulting from the referral and kickback. *Id.* at 518.

*Edwards* is of no assistance to Campion. His protestations to the contrary notwithstanding, he has pleaded no facts showing that his plan was placed with ORHPC as the result of any referral, or that anyone was paid a kickback in connection with his plan.

Although not entirely clear, it appears Campion's theory may be that because ORHPC *ordinarily* pays kickbacks on home warranty plans (allegedly), the price it charges for *all* home warranty plans is inflated to account for those payments. While creative, any such theory is not tenable. RESPA damages are recoverable by persons who paid for settlement services "involved in the violation," 12 U.S.C. 2607(d)(2), and the statute does not generally regulate overcharges. *See Martinez v. Wells Fargo Home Mortg. Inc.,* 598 F.3d 549, 554 (9th Cir. 2010). *Edwards* certainly did not involve such an attenuated theory, and Campion has offered no other authority suggesting that it would support recovery under RESPA.

6

Campion urges that even in the event he cannot pursue a RESPA claim, his allegation that he and similarly-situated others paid inflated prices for home warranty plans is sufficient to support a claim under the UCL. As any such claim would involve only Campion's second proposed class (California purchasers asserting a violation of California law by ORHPC, a California company), there would be no independent basis for jurisdiction in this Court either under the Class Action Fairness Act or through the existence of a federal question. Accordingly, the Court will refrain from determining the ultimate viability of that claim and instead will dismiss it without prejudice. *See* 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims.").

The balance of the complaint must be dismissed for the reasons explained above.[5] Although, with certain exceptions, the Court may not look beyond the four corners of the complaint in evaluating whether it states a claim, there is no prohibition against considering other matters of record when determining whether or not to grant leave to amend. Here, in connection with their motion for sanctions, defendants have submitted Campion's deposition testimony given in another action brought by him against ORHPC in which he alleged it had breached its obligations under the home warranty plan. In that matter, Campion testified that he acted as his own broker in the underlying home purchase, and that he personally selected the ORHPC home protection plan after a comparison shopping process. Given that testimony under oath, Campion cannot now allege in good faith that he was referred to ORHPC by an agent, broker, or attorney, or that ORHPC paid a

---

[5] Dismissal of Old Republic and Mississippi Valley Title Insurance Company is also warranted on the additional basis that they lack minimum contacts with this forum to support personal jurisdiction over them. Campion's only argument to the contrary is his contention that they can be found subject to jurisdiction for having "purposefully directed" wrongful conduct at residents of this forum. Such a theory would only potentially be available had Campion alleged sufficient facts to support his assertion of a conspiracy or joint scheme.

7

kickback to such a person in connection with his purchase of the plan. Accordingly, the dismissal will be without leave to amend.

### B. Motion for sanctions

Defendants' motion seeking to impose sanctions under Rule 11 presents a close call. The Rule requires, among other things, for counsel to certify that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Campion's attempt to bring claims against defendants other than ORHPC is particularly dubious, and even his assertion of a RESPA claim is problematic, given that he knew his own purchase of a home warranty contract did not involve a referral and kickback. Nevertheless, while Campion did not plead sufficient facts to support any sort of joint liability or conspiracy, his notion that all of the Old Republic entities were engaged in a common scheme is not so beyond the pale as to warrant sanctions. Likewise, his apparent theory that he paid an inflated price as the result of the alleged referral and kickback practices is sufficient, albeit barely, to preclude a conclusion that the action was wholly frivolous from the outset. Accordingly, the motion for sanctions will be denied.

## V. CONCLUSION

The motion to dismiss is granted, without leave to amend. As to the first claim for relief (the UCL claim against ORHPC) and that portion of the declaratory relief claim relating thereto only, the dismissal is without prejudice to refiling in state court. A separate judgment will issue. The motion for sanctions is denied.

IT IS SO ORDERED.

Dated: 7/10/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE